SUNBEAM CORPORATION, Plaintiff,

v.

David E. HORN et al., Defendant.

Civ. No. 1959.

United States District Court

S. D. Ohio, W. D.

Dec. 7, 1955.

Landis, Ferguson, Bieser & Greer, Dayton, Ohio, for plaintiff.

Robert J. Kelly, William T. McLeran, Jr., Dayton, Ohio, for defendants.

CECIL, District Judge.

This case is before the Court upon a motion and a hearing for a preliminary injunction in favor of the plaintiff against the defendants to prevent them from selling the plaintiff's products at prices below the established fair-trade prices.

The plaintiff has shown all the requisites necessary to entitle it to such an order, unless it should be denied by reason of the defense raised by the defendants. The defendants claim that they have an equitable defense and that by reason thereof, the plaintiff should be prevented from enforcing its fair-trade contract.

It is the claim of the defendants that there is a Post Exchange on the Government Reservation of Wright-Patterson Airforce Base, that this is within a few blocks of the defendants' stores and that the Post Exchange sells plaintiff's products at prices below the fair-trade price.

It is true that injunctive relief is an equitable remedy, but the Court in this instance is charged with the enforcement of a statute and does not have the discretion to grant relief on purely equitable grounds. Sections 1333.06 and 1333.07 of the Ohio Code grant the right for manufacturers to enter into fair-trade contracts. Section 1333.08 provides for injunctive relief in case of violation of such contracts.

To hold that the contract between the plaintiff and the defendants is unenforcible upon equitable grounds would be to nullify the Fair Trade Act so far as this plaintiff is concerned. If the contract

were unenforcible against these defendants, then the other dealers in Fairborn could claim that it was unenforcible against them and then it would spread from city to city to a point where it would have no effect in the State.

■ The question arises as to whether or not the plaintiff has violated the contract with the defendants for the reason that it permits sales to be made to the Post Exchange above mentioned. The Post Exchange is Government-operated on Government property. The Fair Trade Act, therefore, does not apply to the Post Exchange. Sunbeam Corporation v. Central Housekeeping Mart, Inc., 2 Ill.App.2d 543, 120 N.E.2d 362.

■ If the plaintiff were to refuse to sell its products to a distributor who, in turn, sold it to a Post Exchange, for the reason that the Post Exchange sold at prices less than the Fair-Trade price, it would then be applying the Fair Trade Act to the Government on Government-owned territory. This, it cannot do. Government territory is not within the scope of the State Fair Trade Act. This answers defendants' claim that paragraph 4 of the Distributors Fair Trade contract should operate to prevent sales by the distributors to the Post Exchange. The language "will not in turn advertise, offer for sale or resell such products within or for delivery in any State having a fair-trade law, for less then the minimum retail Fair-Trade Prices from time to time stipulated by Producer," must be construed in the light of the jurisdiction of the State Fair-Trade law.

How far, if at all, and in what manner, the Post Exchange at Wright-Patterson Airforce Base is competing with private business is a question not now before the Court. The temporary injunction heretofore issued by the Court will continue in force until further order of the Court or until the case can be heard on its merits.

### Addendum

Since this Decision was written, counsel for defendants have cited some decisions to the Court. The Court finds that these decisions are not applicable to the situation at bar and do not sustain the defendants' position.